NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR OBDULIO MONTERROSO-PACHECO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73325 <br><br> Agency No. A098-795-030 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioner Cesar Obdulio Monterroso-Pacheco, a native and citizen of

Guatemala, petitions pro se for review of a Board of Immigration Appeals order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because petitioner failed to show his alleged persecutors threatened him on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (holding that forced recruitment alone is not enough to show persecution on account of political opinion). His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioner did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

09-73325